John Christian Barlow #12438
40 North 300 East, Suite 101
St. George, UT 84770
(435)688-1170
Fax: (435)215-2420

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PENI COX, an individual,<br><br>         Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A.; BANK OF AMERICA HOME LOANS SERVICING, LP; BANK OF AMERICA, FSB; NEW LINE MORTGAGE, DIVISION OF REPUBLIC MORTGAGE HOME LOANS, LLC;  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1 – 5,<br><br>         Defendants. | AMENDED COMPLAINT<br><br>DEMAND FOR JURY<br><br><br>2:10-cv-00492-CW-SA<br>Magistrate Judge Samuel Alba |

  Peni Cox, by and through counsel, John Christian Barlow, hereby alleges against Defendants as follows:

I.

PARTIES

1. Plaintiff, Peni Cox (hereinafter "Cox"), is and was at all times relevant hereto an individual residing in Washington County, State of Utah.

1

2. Defendant ReconTrust Company, N.A., (hereinafter "ReconTrust"), is a Nevada corporation not authorized to do business in the State of Utah. It is presently conducting hundreds of real estate foreclosure sales in the State of Utah, but is not registered to do business in the State with either the Division of Corporations or the Department of Financial Institutions for the State of Utah, does not have an agent for service of process in the State of Utah, and does not maintain an office or place of business in the State.

3. Defendant Bank of America Home Loans Servicing LP (hereinafter "Bank of America") is not registered with either the Division of Corporations or the Department of Financial Institutions for the State of Utah, however, Countrywide Home Loans, Inc., a New York Corporation (hereinafter "Countrywide"), which was acquired by Bank of America in July, 2008, is registered to do business in the State of Utah with the Division of Corporations.

4. Defendant New Line Mortgage, Division of Republic Mortgage Home Loans, LLC, ("Lender") is the original lender under the Note and Trust Deed.

5. Defendant, Mortgage Electronic Registration Systems, Inc., (hereinafter "MERS") is a corporation organized under the laws of Delaware, was named as the beneficiary under the Trust Deeds solely as a nominee for Lender. As of December 31, 2009, the Utah Department of Commerce reflects that Mortgage Electronic Registration Systems, Inc. failed to renew its corporate name registration. (Exhibit "1")

6. The trustee appointed pursuant to the Trust Deeds is Prestige Title, (a now defunct corporation).

7. MERS is named beneficiary.

8. No Substitution of Trustee was recorded naming Defendant, ReconTrust Company, N.A. (hereinafter "ReconTrust") as current Trustee.  However, the Notice of Default (Exhibit "2") states: "BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICIG LP is presently the holder of the beneficial interest under the Trust Deed, and RECONTRUST COMPANY, N.A., is the trustee."

9. Does #1 through #5 are other unknown real parties in interest.

II.

JURISDICTION AND VENUE

10. Venue is proper pursuant to UCA § 78B-3-304(2) and/or UCA § 78B-3-307 and/or 28 U.S.C. § 1391(b)(2).

11.  Jurisdiction is proper pursuant to UCA ' 78A 5 102.

12.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the claims for relief arise under 12 U.S.C. § 2605. This Court has supplemental jurisdiction over any remaining state law claims under 28 U.S.C. § 1367 (a) because state law claims are so related to the federal claims that they form part of the same case or controversy. These claims all arise out of the same controversy and sequence of events.

13. This Court has jurisdiction over state claims by virtue of pendent jurisdiction.

III.

GENERAL ALLEGATIONS

14. The allegations contained in the preceding paragraphs of this complaint are incorporated herein by this reference.

15. Plaintiff Cox, entered into a promissory note (Exhibit "3") on or about August 13, 2007, which at the time of the closing was secured by the property located at 361 West 500 North #3, St. George, UT 84770, and more particularly described on Exhibit "2" (the "Property").  The promissory note (the "Note") was entered into on or about August 13, 2007 in the amount of $126,000.00, pursuant to a deed of trust (Exhibit "4") recorded on August 15th 2007, as DOC# 20070041287 ("Trust Deed").  The Note and Trust Deed are collectively referred to as the ("Loan").

16.  Plaintiff entered into the Note on or about August 13th, 2007, which at the time of the closing was secured by the Property pursuant to the Trust Deed.

17.  Paragraph 24 of the Trust Deed state, in pertinent part:

> **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder.  Without conveyance of the property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

18. In January, 2009, Plaintiff fell behind on her loan

4

19. ReconTrust then filed and recorded a Notice of Default and Election to Sell (see Exhibit "2") against the Property on August 24th, 2009 as entry DOC ID # 20090032888, pursuant to the Trust Deed.

20. On November 24, 2009, Plaintiff received a Notice of Trustee's Sale (Exhibit "5") from Defendant ReconTrust notifying Plaintiff of a foreclosure sale of Plaintiff's property on December 29, 2009.

21. To the Plaintiff's knowledge Defendant's have *not* caused a copy of the Notice of Trustee's Sale to be attached to the front door of Plaintiff's property.

22. ReconTrust did not have the authority to record the Notice of Default because it was never properly appointed the successor trustee pursuant to Utah Code § 57-1-22.

23. ReconTrust is ineligible to act as a trustee with power of sale.

    A.     RECONTRUST HAS NO AUTHORITY TO EXECUTE THE NOTICE OF DEFAULT

24. ReconTrust has no authority to execute the Notice of Default.

25. ReconTrust did not have the authority to record the Notice of Default because it was never properly appointed the successor trustee pursuant to Utah Code § 57-1-22.

26. ReconTrust is not authorized to act pursuant to the Deed of Trust.

27. On information and belief, Lender has the exclusive right to appoint a party to initiate foreclosure.

28. This authority may not be delegated by the appointed party, or other party.

29. On information and belief, ReconTrust was not known to Lender and, therefore, Lender could not and has not endowed ReconTrust with the authority and power to foreclose.

30. On information and belief, MERS has no ownership interest in the Notes and no authority to appoint a new trustee.

31. ReconTrust was not properly appointed and has no authority to foreclose or otherwise act with regard to the Property; therefore, the Notice of Default is improper and completely unauthorized.

    B.      DEFENDANT RECONTRUST DOES NOT MEET THE CRITERIA FOR BEING A TRUSTEE OF A TRUST DEED AS SET OUT IN UTAH CODE § 57-1-21(3).

32. The requirements for being a trustee of a trust deed in Utah are very specific and have been the subject of recent litigation.  *See* <u>Kleinsmith v. Shurtleff</u>, 517 F.3d 1033 (10th Cir. 2009).  The <u>Kleinsmith</u> case highlights the protections the legislature is attempting to provide homeowners in the event of foreclosure.  By requiring attorneys acting as trustees to "maintain a place within the state," the Utah State Legislature was mandating that an attorney/trustee be available to meet with a trustor who wants to request information, deliver written communications, or deliver funds to reinstate the loan secured by their trust deed, etc.  Utah Code § 57-1-21(1)(a)(i).

33. The <u>Kleinsmith</u> case deals only with the requirements for attorney/trustees, but title companies are required under the statute to have a "bona fide office" and other trustees, with the exception of the United States government and corporations licensed by the Farm Credit Administration, are required to be "authorized to do business and actually doing business in Utah...." Utah Code § 57-1-21(1).

34. ReconTrust is obviously not "authorized" to do business in the State, as discussed above. But neither is it a qualified trustee to conduct a trustee's sale pursuant to Utah Code § 57-1-21(3), which requires that the only trustees with a "power of sale" are either members of the Utah State Bar or title insurance companies. ReconTrust is neither, and therefore does not have authority under Utah law to conduct foreclosure sales.

    C.    BANK OF AMERICA NOT MEANINGFULLY RESPONSIVE TO QTR

35. On information and belief Bank of America is the servicer of the First Note secured by the Trust Deed.

36. On January 6, 2010 Plaintiff's counsel, John Christian Barlow, properly submitted a Qualified Written Request ("QWR") to Bank of America (Exhibit "6") pursuant to 12 U.S.C. § 2605 in which he requested copies of the Loan documents.

37. On February 8th and March 25th, 2010 Bank of America responded with acknowledgement of QWR (Exhibit 7").

38. No further meaningful response to any QWR has been made to the knowledge of Plaintiff or counsel.

    D.    **LENDER HAS NO REMAINING INTEREST IN THE NOTE AND NO AUTHORITY TO FORECLOSE**

39. On information and belief the Notes have been bundled with other notes and sold as mortgage-backed securities or otherwise assigned and split form the Trust Deed.

40. When the note is split from the trust deed, "the note becomes, as a practical matter, unsecured." Restatement (Third) of Property (Mortgages) § 5.4 cmt. a (1997).

41. A person or entity only holding the trust deed suffers no default because only the Note holder is entitled to payment. *Id.*

42. "The security is worthless in the hands of anyone except a person who has the right to enforce the obligation; it cannot be foreclosed or otherwise enforced." Real Estate Finance Law (Fourth) § 5.27 (2002).

43. For the foregoing reasons, Lender has no cognizable interest in the Property and no authority to foreclose.

    E.    **MERS HAS NO INTEREST IN THE NOTES OR TRUST DEEDS AND NO AUTHORITY TO FORECLOSE**

44. MERS is a nominee beneficiary and has no interest in the Note, and therefore no authority to initiate the sale of the Property.

45. Lender has no remaining interest in the Notes or Trust Deeds; therefore, MERS has no remaining interest in the Notes or Trust Deeds and no cognizable interest in the Property and no authority to foreclose.

F.     BANK OF AMERICA HAS NO INTEREST IN THE TRUST DEED AND NO AUTHORITY TO FORECLOSE

46. Bank of America has no interest in the Trust Deeds and no authority to foreclose.

47. Bank of America has no recorded interest in the Trust Deeds; therefore, it has no cognizable interest in the Property and no authority to foreclose.

G. NO PARTY TO THE NOTE AND TRUST DEED HAS AN INTEREST IN THE PROPERTY

48. On information and belief, no party which has an interest in the Notes has a cognizable and legitimate interest in the Property.

49. Significant legal fees have been expended pursuing Plaintiff's rights under the contract and relevant statutes.

FIRST CAUSE OF ACTION
DEFENDANT RECONTRUST IS NOT REGISTERED TO DO
BUSINESS IN THE STATE OF UTAH AND THEREFORE IS
SUBJECT TO AN INJUNCTION RESTRAINING ITS BUSINESS
ACTIVITIES IN THE STATE OF UTAH

50. The allegations contained in the preceding paragraphs of this complaint are incorporated herein by this reference.

51. Utah Code §16-10a-1501 states that a "foreign corporation may not transact business in this state until its application for authority to transact business is filed by the division." "Division" means the Utah Division of Corporations. (Utah Code § 16-10a-102(14)).

52. Defendant ReconTrust is not registered with the Division and therefore may not transact business in the State of Utah.

53. Utah Code §16-10a-1502(5) states that upon a finding by a court that a foreign corporation has transacted business in this state in violation of Part 15 of the Utah

Revised Business Corporation Act "the court shall issue, in addition to or instead of a civil penalty, an injunction restraining the further transaction of the business of the foreign corporation and the further exercise of any corporate rights and privileges in this state."

54. This Court is statutorily authorized to issue an injunction restraining Defendant ReconTrust from transacting any further business in the State of Utah until it complies with the Utah Revised Business Corporation Act.

## SECOND CAUSE OF ACTION
## DEFENDANT RECONTRUST IS NOT A QUALIFIED TRUSTEE UNDER UTAH CODE §57-1-21(3)

55. The allegations contained in the preceding paragraphs of this complaint are incorporated herein by this reference.

56. The website for Defendant ReconTrust (www.recontrustco.com) indicates Defendant ReconTrust is a wholly owned subsidiary of Bank of America that "provides Document Custody, Default and Lien Release services" to the mortgage industry.

57. The requirements for being a qualified trustee of a trust deed in the State of Utah are set forth in Utah Code §57-1-21.  That code section states that a trustee must be:  (i) an active member of the Utah State Bar, (ii) a depository institution as defined in Utah Code §7-1-103, or an insurance company, (iii) a corporation authorized to conduct a trust business, (iv) a title insurance agency, (v) an agency of the United States government, or

(vi) an association or corporation licensed by the Farm Credit Administration.

58. Pursuant to Utah Code § 57-1-21(3) the only trustees in Utah with the power of sale necessary to foreclose a real estate trust deed by a trustee's sale are members of the Utah State Bar or title insurance companies. ReconTrust is neither of these.

59. By not being a trustee with "power of sale," the real estate foreclosure sale being conducted by Defendant ReconTrust on Plaintiff's property, as set forth above, as well as all other foreclosure sales being conducted by ReconTrust in the State of Utah, should be declared illegal and void by this Court, and an injunction should be issued restraining Defendant ReconTrust from conducting the trustees sale of Plaintiff's property as well as all other trustees sales it is conducting in the Sate of Utah.

THIRD CAUSE OF ACTION
GENERAL BREACH OF CONTACT AND
BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
(Against Bank of America)

60. The allegations contained in the preceding paragraphs of this complaint are incorporated herein by this reference.

61. On information and belief, Plaintiff and Lender entered into the Loan so as to finance the purchase of the Property.

62. On information and belief, Bank of America does not have authority to initiate the foreclosure process.

63. On information and belief, Bank of America was authorized and was aware of the

activities of ReconTrust and failed to stop the actions of this unauthorized party.

64. Hence, Bank of America is breaching the contract and/or the implied covenant of good faith and fair dealing by allowing ReconTrust to continue the foreclosure process without authority.

FOURTH CAUSE OF ACTION
Quiet Title
(Against Lender, MERS, Bank of America, or any other party claiming an interest in the Property pursuant to the Notes)

65. The allegations contained in the preceding paragraphs of this complaint are incorporated herein by this reference.

66. Attached and marked as Exhibit "8" is a Warranty Deed, containing a legal description of the Property.

67. Plaintiff seeks fee simple title over the Trust Deeds.

68. Pursuant to Utah Code Ann. §78B-6-1301, Plaintiff brings this action against Lender, MERS, Bank of America, or any other person claiming an interest in the Property to quiet title to the Property.

69. Currently the Property is encumbered by the Trust Deeds held by MERS as nominee for Lender.

70. Neither Lender, nor MERS, nor Bank of America, nor any other Defendant, has any interest in the Notes.

71. Plaintiff seeks an order from this Court to release the Trust Deed and grant quiet title to

Plaintiff.

72. A lis pendens will be immediately filed against the Property.

FIFTH CAUSE OF ACTION
Declaratory Judgment
(Against all Defendants)

73. The allegations contained in the preceding paragraphs of this complaint are incorporated herein by this reference.

74. Plaintiff requests a declaration of the parties' rights under the Note and Trust Deed considering the forgoing allegations.

75. Plaintiff requests a determination of whether ReconTrust had authority to execute, record, and publish the Notice of Default.

WHEREFORE, Plaintiffs ask this Court to enter an order against Defendants as follows:

1. An order declaring ReconTrust Company is not registered with the Division of Corporations for the State of Utah and therefore is not permitted to transact business in the State of Utah pursuant to statute, and an injunction restraining Defendant ReconTrust from further transaction of any business in the State of Utah.

2. An order declaring that ReconTrust Company is not a qualified trustee of real estate trust deeds under Utah Code § 57-1-21, and therefore is not permitted to conduct Trustee Sales in the State of Utah, and an injunction restraining Defendant ReconTrust from conducting

any further Trustee Sales in the State of Utah.

3. An injunction prohibiting Defendants, their officers, agents, employees and/or attorneys from conducting a foreclosure sale on Plaintiff's property which is the subject of the Notice of Trustee's Sale referenced in this Complaint and attached as Exhibit "5".

4. For an order of this Court releasing the Trust Deed.

5. For an order of this Court nullifying the Notice of Default.

6. For such judgments and declarations as pleaded herein.

7. For additional damages, attorneys' fees and costs as allowed pursuant to statute, contract, or court rule.

8. A judgment against Defendants in an amount to be determined by the Court.

9. For such other and further relief as the Court may deem just and proper.

Dated this __1st__ day of June, 2010.

*/s/ J. Christian Barlow*

_____
JOHN CHRISTIAN BARLOW
Attorney for Plaintiff

15