Richard F. Ensor (10877)
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, Utah  84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

Roy W. Arnold (Admitted *pro hac vice*)
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 288-3916
Facsimile:  (412) 288-3063

Amir Shlesinger (Admitted *pro hac vice*)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  (213) 457-8000
Facsimile:  (213) 457-8080

Attorneys for Defendants ReconTrust Company, N.A., BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans Servicing, LP"), Bank of America, N.A. (erroneously sued as "Bank of America, FSB"), and Mortgage Electronic Registration Systems, Inc.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| PENI COX, an individual,<br><br>Plaintiff,<br>v.<br><br>RECONTRUST COMPANY, N.A., BANK OF AMERICA HOME LOANS SERVICING, LP; BANK OF AMERICA, FSB, NEW LINE MORTGAGE, DIVISION OF REPUBLIC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND DOES 1-5,<br><br>Defendants. | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF PENI COX'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 10-cv-00492<br><br>Honorable Clark Waddoups<br><br>Magistrate Judge Alba |

## I.     INTRODUCTION

On June 7, 2010, only a month after serving her complaint on ReconTrust, N.A. ("ReconTrust"), Plaintiff Peni Cox ("Plaintiff") filed an "emergency" motion for partial summary judgment seeking an adjudication of her first and second claims which allege that ReconTrust violated registration and trustee qualification requirements set forth in Utah Code §§ 57-1-21 and 16-10a-1501.

Plaintiff's motion raises the same issues previously addressed by this Court in connection with the motion to dissolve the preliminary injunction filed by ReconTrust and other defendants. After hearing oral argument, on June 11, 2010, the Court granted the motion to dissolve the injunction finding that Utah Code §§ 57-1-21 and 16-10a-1501 are preempted by federal law. (6/11/10 Order [Doc. # 42]; Memo. Dec. [Doc. # 45].)  The Court's order and its conclusion that these statutory provisions are preempted by federal law are dispositive of Plaintiff's first and second claims.  Therefore, this Court should deny Plaintiff's motion for partial summary judgment.[1]

## II.    RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

Plaintiff's motion is not supported by any competent affidavits, deposition testimony, or any admissible evidence.  Indeed, the motion fails to establish any material facts necessary to state any claim against ReconTrust, let alone establish any entitlement to judgment against ReconTrust.  Plaintiff does not present evidence to establish even the basic elements of her claim; namely, that ReconTrust foreclosed on her home in violation Utah Code §§ 57-1-21 and 16-10a-1501.  Plaintiff's alleged undisputed material "facts" are primarily comprised of improper legal assumptions and conclusions.  Paragraphs 4 through 11, for instance, include

---

[1] Subsequent to filing her motion for partial summary judgment, Plaintiff moved to dismiss her third, fourth and fifth claims from the amended complaint, as well as New Line Mortgage as a defendant. (Motion to Amend [Doc. # 49].) Accordingly, Plaintiff's first and second claims are the only remaining claims in this action, and ReconTrust and the other remaining defendants filed a motion to dismiss those claims. (Motion to Dismiss [Doc. # 52]; Memo. In Support [Doc # 53].)

citations to Utah Code §§ 57-1-21 and 16-10a-1501, as well as citation to inapposite case law which does not support her motion. Because Plaintiff's motion is not supported by any admissible evidence, it should be denied for this reason alone.[2] In any event, for reasons set forth below, Plaintiff's motion also should be denied because her claims are preempted by federal law.

### III. LEGAL ANALYSIS AND ARGUMENT

#### A. Legal Standard Governing Rule 56 Motion For Summary Judgment.

Federal Rules of Civil Procedure 56 provides that summary judgment can be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact <u>and</u> that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added). When applying this standard, a court should review the factual record in the light most favorable to the party opposing summary judgment. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010). For purposes of summary judgment, the court should deny a motion for summary judgment if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Summary judgment will not be granted, even if there is no genuine issue as to any material fact, where a moving party is not entitled to judgment as a matter of law. *See Applied Genetics Intern., Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1242 (10th Cir. 1990)

---

[2] To the extent Plaintiff's statement of facts warrant a specific response under Local Rule 56(c), ReconTrust responds as follows:

Plaintiff Fact No. 1: Disputed. ReconTrust is a national banking association and is a wholly owned subsidiary of Bank of America, N.A. (Aff. Of Jeffrey Aiken [Doc. # 20].) Furthermore, based on the Court's previous ruling in this case and the arguments below, ReconTrust is authorized to conduct foreclosures in the state of Utah. (6/11/10 Order [Doc. # 42]; Memo. Dec. [Doc. # 45].)

Plaintiff Fact No. 2-3: Undisputed. These facts are not material to Plaintiff's motion.

Plaintiff Fact Nos. 4-11: Disputed: Plaintiff's assertions are not facts, but rather legal conclusions which are disputed as set forth below.

(even if no genuine issue of material fact in dispute, district court must still correctly apply substantive law); *APC Operating Partnership v Mackey*, 841 F.2d 1031, 1033 (10th Cir. 1988) (same); *see also* Fed. R. Civ. P. 56(c).  Where a plaintiff seeks summary judgment of state-law claims which are preempted by federal law, summary judgment must be denied.  *See Dadoub v. Gibbons*, 42 F.3d 285, 290 (5th Cir. 1995) (affirming summary judgment for defendant where plaintiff's state copyright claims preempted by Federal Copyright Act).

> **B.      Plaintiff's First And Second Claims Against ReconTrust Are Preempted By The National Bank Act.**

Despite this Court's preemption analysis, Plaintiff continues to argue that ReconTrust's foreclosure of her home violates Utah Code §§ 57-1-21 and 16-10a-1501.  Plaintiff's motion as to her first and second claims fails as a matter of law, however, because this Court already found that her claims, based on Utah Code § 57-1-21 and Utah Code § 16-10a-1501, are preempted by the National Bank Act.  (Memo. Dec. [Doc. # 45] at 8-15.)

> **1.      The National Bank Act Specifically Authorizes ReconTrust To Conduct Foreclosures In Utah.**

This Court should deny Plaintiff's motion for summary judgment with respect to her first claim under Utah Code § 16-10a-1501 because this Court previously held that Congress intended "to completely preempt the area of requirements a national bank must meet before conducting business nationwide."  (Memo. Dec. [Doc. # 45] at 13.)

Utah Code §§ 1501 and 1502 purport to regulate a national bank's ability to transact business in Utah.  Specifically, section 1501 mandates that a "foreign corporation may not transact business in this state until its application for authority to transact business is filed by the division."  Utah Code § 16-10a-1501.  Where a foreign corporation's application is not approved and filed by the appropriate division, that corporation may not maintain a proceeding in any Utah state court.  Utah Code § 16-10a-1502(1).  Moreover, if a foreign corporation is found to be in

violation of these provisions, section 1502(5) permits a court to issue "an injunction restraining the further transaction of the business of the foreign corporation and the further exercise of any corporate rights and privileges in this state." Utah Code § 16-10a-1502(5).

These statutes "set out competing state requirements for a bank to transact business, assign a competing authority to judge if the requirements are met, and provide for competing remedies for a banks' failure to meet the state's requirements." (Memo. Dec. [Doc. # 45] at 10.) However, sections "26, 27, and 42 of the National Bank Act leave no room for Utah Code Ann. §§ 16-10a-1501 and 1502" to regulate national banks. *Id.* Thus, Plaintiff's claims based on Utah Code §§ 16-10a-1501 and 1502 are preempted because the Comptroller is "intended to be the exclusive authority on what a national bank must do to transact business in any state" under 12 U.S.C. §§ 26-27, 42. *Id.* at 11. Plaintiff's motion based on this statute accordingly should be denied.

### 2. Section 92a Of The National Bank Act Authorizes ReconTrust To Conduct A Foreclosure In Utah As A Trustee.

This Court also should deny Plaintiff's motion for summary judgment with respect to her second claim under Utah Code § 57-1-21 because 12 U.S.C. § 92a preempts section 57-1-21. (Memo. Dec. [Doc. # 45] at 14.) Section 92a provides that a national bank's position as a trustee "shall not be deemed to be in contravention of State or local law" if a "state allows a competitor of a national bank to act as a trustee." *Id.*; 12 U.S.C. § 92a(b). In other words, where a state law regulation allows a national bank's competitor to act as a trustee, a national bank may also act as a trustee pursuant to section 92a. (Memo. Dec. [Doc. # 45] at 14.) Thus, where state regulation allows a competitor to act as a trustee, but prohibits a national bank from doing so, section 92a preempts the state law regulation and permits a national bank to act as a trustee. *Id.*; *see also Zabriskie v. ReconTrust, et al.*, Case No. 2:08-CV-00155-BSJ (Doc. No. 31, dated Nov. 12, 2008).

Utah Code § 57-1-21 provides a list of persons eligible to act as trustees in Utah. These include members of the Utah state bar, depository institutions, and title insurance companies. Utah Code § 57-1-21. ReconTrust is *not* permitted to serve as a trustee under this Utah regulation. This restriction on ReconTrust's ability to act as a trustee clearly conflicts with 12 U.S.C. § 92a(b) because Utah Code § 57-1-21 "allows a 'depository institution,' which is unquestionably a competitor of a national bank, to act as a trustee." (Memo. Dec. [Doc. # 45] at 14.) Preemption principles thus bar the application of § 57-1-21 to ReconTrust, and Plaintiff's request for summary judgment on her claim based on that statute must be denied.

## IV. CONCLUSION

Plaintiff's motion for partial summary judgment fails. This Court's June 11, 2010 Memorandum Opinion clearly establishes that the National Bank Act preempts Plaintiff's claims under Utah Code §§ 57-1-21 and 16-10a-1501. Accordingly, Plaintiff fails to establish an entitlement to judgment on those claims, and this Court should deny Plaintiff's Motion.

DATED: July 8, 2010    VANTUS LAW GROUP, P.C.

By /s/ Richard F. Ensor
Attorneys for Defendants ReconTrust Company, N.A., BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans Servicing, LP"), Bank of America, N.A. (erroneously sued as "Bank of America, FSB"), and Mortgage Electronic Registration Systems, Inc.

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES that on this 8th day of July 2010, a true and correct copy of the foregoing was filed with the Clerk of Court via ECF and was therefore served by electronic mail to the following:

John Christian Barlow
ENVISION LAW FIRM
40 North 300 East, Suite 101
St. George, Utah  84770

Michael Huber
8170 S. Highland Drive, Suite E5
Sandy, Utah 84093

                                                    /s/ Richard F. Ensor