John Christian Barlow #12438
40 N 300 E # 101
St George UT 84771
435-688-1170
jcb@envisionlawfirm.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH,
CENTRAL DIVISION

| | |
|---|---|
| PENI COX, an individual<br><br>*Plaintiff*,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A., BANK OF AMERICA HOME LOANS SERVICING; BANK OF AMERICA, FSB, NEW LINE MORTGAGE, DIVISION OF REPUBLIC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND DOES 1-5,<br><br>*Defendants.* | **RESPONSE TO MOTION TO DISMISS**<br><br>Case No. 2:10-CV-492<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Alba |

   Defendant's Motion to Dismiss re-opens the issue of preemption of State law which previously arose in the analysis of the court's jurisdiction.  There, the court analyzed and relied upon the wrong statute, producing an erroneous conclusion of preemption.  That conclusion should now be corrected.

   The analytical framework previously established by the court respecting §57-1-21, UCA (1953) appears to be correct.  It is as follows:

   2. **Ms. Cox's claim under Utah Code Ann. § 57-1-21.**

   Ms. Cox's second state law claim that is completely preempted is
under Utah Code Ann. § 57-1-21.  That statute names several groups

1

> who may act as trustees in Utah (assuming certain conditions are met) and bars entities not in those groups from conducting trustee's sales in Utah. *See* Utah Code Ann. § 57-1-21. Persons potentially eligible to act as trustee under the statute include members of the Utah state bar, certain depository institutions, and title insurance companies. *See id.* at § 57-1-21(1)(a), (ii) and (iv). ReconTrust does not contend that it would be able to act as a trustee under this statute.
>
> It is clear from the National Banking Act, however, that Congress intended that the authority to allow national banks to act as trustees should be governed by federal law except in some narrow circumstances. In 12 U.S.C. § 92a(a), Congress gives the Comptroller the power to allow national banks to act as trustees "when not in contravention of State or local law." But "[w]henever" a state allows a competitor of a national bank to act as a trustee, allowing a national bank to do so as well "shall not be deemed to be in contravention of State of local law." 12 U.S.C. § 92(a(b). 12 U.S.C. § 92(a) further establishes the rules applicable to national banks acting as trustees, and sets forth the penalties for failure to comply.
>
> On its face, § 92(a)b has clear preclusive effect on any state law trustee regulations against national bank whenever the state allows a competitor to act as a trustee. And Utah Code Ann. § 57-1-21(1)(a)(ii) allows a "depository institution," which is unquestionably a competitor of a national bank, to act as a trustee. Accordingly, this state statute is completely preempted by federal statute, allowing for federal question removal jurisdiction.
>
> The court's order in *Zabriskie v. ReconTrust Co.,* 2:08cv155 BSJ, Order of 11/12/08 (D. Utah) also supports this result. In *Zabriskie,* the court held that Utah Code Ann. § 57-1-21(3) was preempted by federal law. See *Zabriskie* Order at 12 Memorandum Decision 6/18/10 at 13-14.

While it is true that ReconTrust did not contend that it could act as a trustee under § 57-1-21(1)(a)(i), (ii), and (iv), it is plain that ReconTrust *can* act as a trustee under the Utah Statute. The court was entirely correct to find that "Utah Code Ann. § 57-1-21(1)(a)(ii) allows a 'depository institution,' which is unquestionably a competitor of a national bank, to act as a trustee." *Id.* at 14. What the court missed is that "depository institution" *also includes a national bank.*

Section 57-1-21(1)(a)(ii) authorizes to act as a trustee "any depository institution *as defined in Section 7-1-103."*

2

Section 7-1-103(8) defines "depository institution" as "a bank, savings and loan association, savings bank, industrial bank, credit union, or other institution that: (a) holds or receives deposits - - -" Section 7-1-103(1)(a) defines "bank":

> "Bank" means a person authorized under the laws of this state, another state, *or the United States* to accept deposits from the public.

That is, a "depository institution" includes a "bank," which may be a state bank *or a national bank.*

In short, contrary to the court's conclusion, and defendant's present contention, § 57-1-21(1)(a)(ii) unequivocally allows a national bank to be a trustee in Utah.

The prohibition in the Utah statute is § 57-1-21(3):

> The power of sale conferred by Section 57-1-23 may only be exercised by the trustee if the trustee is qualified under Subsection (1)(a)(i) or (iv).

Section 57-1-23 describes the power of a trustee to conduct a non-judicial foreclosure by exercise of the power of sale; "or, at the option of the beneficiary, a trust deed may be foreclosed in the manner provided by law for the foreclosure of mortgages on real property." The procedure for judicial foreclosure is set out in § 78B-6-901 et seq., UCA (1953).

Section 57-1-21(1)(a)(i) and (iv) qualify as trustees Utah lawyers and title insurance companies, respectively. The meaning of § 57-1-21(3), therefore is that, among the persons who may be trustees in Utah (lawyers, depository institutions including state and national banks, trust companies, title insurance companies, agencies of the United States, agencies of the Farm Credit Administration), only lawyers and title insurance companies may foreclose non-judicially. All others, including both state and national banks, may only foreclose judicially. Trust deed beneficiaries who choose banks as trustees, necessarily opt to foreclose judicially.

Section 57-1-21(3), therefore, like § 57-1-21(1), does NOT discriminate between state and national banks.  Section 57-1-21 permits precisely the same functions to be performed by state and national banks.  No doubt, a national bank may not foreclose non-judicially in Utah; but neither may a state bank.  ReconTrust may not foreclose non-judicially in Utah.  Presuming that lawyers and title insurance companies are not deemed "competitors" of national banks, there is nothing in section 57-1-21 which allows a competitor of a national bank to perform any function of a trustee which is disallowed to a national bank.

This clearly activates the "when not in contravention of state or local law" exception in the National Banking Act, 12 USC § 92a(a).  For the Comptroller of the Currency to authorize a national bank to foreclose non-judicially in Utah would be in "contravention of state law."  Correspondingly, insofar as Utah law does not authorize state banks to foreclose non-judicially while disallowing national banks to do so, there is no discrimination among competitors which would justify a conclusion that § 57-1-21, UCA (1953) is preempted by federal law.

It also indicates the inapplicability of *Zabriskie v. ReconTrust Co.* 2:08cv155 BSJ.  *Zabriskie* concerned federal savings institutions, not national banks, under a statute which does not contain the "when not in contravention of state or local law" exception.

Defendant now argues:

> A national bank's authority to act as a trustee is granted under 12 U.S.C. § 92a of the National Bank Act.  Section 92a permits "national banks to act as trustees 'when not in contravention of State or local law.'" (Memo. Dec. [Doc. 45] at 14.)  A national bank's position as a trustee "shall not be deemed to be in contravention of State or local law" if a "state allows a competitor of a national bank to act as a trustee." *Id.*; 12 U.S.C. § 92a(b).  In other words, where a state law regulation allows a national bank's competitor to act as a trustee, a national bank may also act as a trustee pursuant to section 92a. (Memo. Dec. [Doc. 45] at 14.)  However, where state regulation allows a competitor to act as a trustee, but prohibits a national bank from doing so, section 92a preempts the state law regulation and

4

> permits a national bank to act as a trustee. *Id.; see also Zabriskie v. ReconTrust, et al.,* Case No. 2:08-CV-00155-BSJ (Doc. No. 31, dated Nov. 12, 2008).
>
> Here, Utah Code § 57-1-21 provides a list of persons eligible to act as trustees in Utah, these include members of the Utah state bar, depository institutions, and title insurance companies. Utah Code § 57-1-21. ReconTrust is *not* permitted to serve as a trustee under this Utah regulation. This restriction on ReconTrust's ability to act as a trustee clearly conflicts with 12 U.S.C. § 92a(b) because Utah Code § 57-1-21 "allows a 'depository institution,' which is unquestionably a competitor of a national bank, to act as a trustee." (Memo. Dec. [Doc. 45] at 14.) Accordingly, a claim under § 57-1-21 is preempted by the National Bank Act, and should be dismissed with prejudice. *Id.*

Defendant thus attempts to show that plaintiff lacks a cause of action under § 57-1-21, UCA (1953). In fact, however, ReconTrust *is* permitted to serve as a trustee under § 57-1-21(a)(ii). It, however, along with its competitor state banks, may not foreclose non-judicially. § 57-1-21(3), UCA (1953).

What defendant has shown is that this court lacked jurisdiction to set aside the restraining order previously issued in this case by the state court. In support of this contention is this courts own decision, which the court should have looked to, denying federal jurisdiction in a case with identical claims. *Jensen v. ReconTrust Co.* 2:09cv927TC (doc.13). In Jensen, this court held:

> The first cause of action challenges whether Reconrust is able to do business in Utah based on various provisions of Utah law. The second cause of action challenges whether Recontrust is a qualified trustee based on various provisions of Utah law. And the third cause of action challenges whether Defendants have complied with provisions of Utah law in instituting foreclosure. Accordingly, there is no federal claim on which to base subject matter jurisdiction pursuant to § 1331.

The Motion to Dismiss must be denied. The prior order setting aside the state court injunction should then be withdrawn, and the matter remanded to the state court.

RESPECTFULLY submitted this 8th day of July, 2010

/s/ John Christian Barlow
John Christian Barlow
Attorney for Plaintiff

CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES that on this 8 day of July 2010, a true and correct copy of the foregoing was filed with the Clerk of Court via ECF and was therefore served by electronic mail to the following:

E. Craig Smay
174 E. South Temple
Salt Lake City, UT 84111
(801) 539-8515
Fax: (801) 539-8544

Michael Huber
8170 S. Highland Drive, Suite E5
Sandy, Utah 84093

Richard F. Ensor (10877)
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, Utah 84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

Roy W. Arnold (Admitted pro hac vice)
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3916
Facsimile: (412) 288-3063

Amir Shlesinger (Admitted pro hac vice)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

/s/ John Christian Barlow