Richard F. Ensor (10877)
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, Utah  84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

Roy W. Arnold (Admitted *pro hac vice*)
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 288-3916
Facsimile:  (412) 288-3063

Amir Shlesinger (Admitted *pro hac vice*)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  (213) 457-8000
Facsimile:  (213) 457-8080

Attorneys for Defendants ReconTrust Company, N.A., BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans Servicing, LP"), Bank of America, N.A. (erroneously sued as "Bank of America, FSB"), and Mortgage Electronic Registration Systems, Inc.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| PENI COX, an individual,<br><br>　　　　Plaintiff,<br>v.<br><br>RECONTRUST COMPANY, N.A., BANK OF AMERICA HOME LOANS SERVICING, LP; BANK OF AMERICA, FSB, NEW LINE MORTGAGE, DIVISION OF REPUBLIC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND DOES 1-5,<br><br>　　　　Defendants. | **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>Case No. 10-cv-00492<br><br>Honorable Clark Waddoups<br><br>Magistrate Judge Alba |

# I.

## **INTRODUCTION**

Plaintiff's opposition addresses only her second claim for relief under Utah Code Ann. § 57-1-21. Plaintiff does not address, and therefore, concedes that her first claim under Utah Code Ann. § 16-10a-1501 lacks merit. The first claim therefore should be dismissed for the reasons set forth in Defendants' motion. Plaintiff also has not attempted to defend her naming any defendant other than ReconTrust Company, N.A. Therefore, those Defendants should be dismissed as well.

Plaintiff's remaining claim against ReconTrust under Utah Code Ann. § 57-1-21 should similarly be dismissed for reasons this Court already noted. Plaintiff does not challenge this Court's prior analysis of federal banking preemption principles under the National Bank Act. Instead, Plaintiff argues that her Section 57-1-21 claim is not preempted because national and state banks that hold or receive deposits are treated equally under this statute. Plaintiff's argument, however, is based on an erroneous premise—namely, that ReconTrust is a depository institution that can act as a trustee under Section 57-1-21. That is not the case. And, Section 57-1-21 only purports to provide "depository" banks with limited authority to act as a trustee. Therefore, national banking associations, such as ReconTrust, that are non-depository, but which can act as trustees under federal law, cannot act as trustee under Utah's state law. For this reason, Plaintiff's claim under Section 57-1-21 is preempted.

Furthermore, Plaintiff's Section 57-1-21 claim also must be dismissed because she alleges no facts establishing that ReconTrust performs core fiduciary functions in Utah. Without such allegations, ReconTrust, under applicable federal laws and regulations, is not subject to Utah state law.

In short, Plaintiff's state law claims against ReconTrust and the other Defendants are all subject to dismissal. Defendants' motion should be granted and judgment entered in their favor.

## II.

## PLAINTIFF'S CLAIM UNDER UTAH CODE ANN. § 57-1-21 IS PREEMPTED, AND HER ARGUMENT TO THE CONTRARY IS FLAWED

Plaintiff does not dispute that by enacting the National Bank Act, Congress intended that a national bank or its operating subsidiary would be subject to regulations promulgated by the Office of the Comptroller of the Currency ("OCC") and not the licensing, reporting, and visitorial regimes of the individual states where it operates. *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 7 (2007); *Bank of America v. City & County of S.F.*, 309 F.3d 551, 561 (9th Cir. 2002) (holding that the National Bank Act was created to protect national banks from an abundance of intrusive regulation promulgated by individual states); *see also* Cong. Globe, 38th. Cong., 1st Sess., 1451 (1864) (noting that the "object" of the National Bank Act was to "establish a national banking system" free from state regulation).

Similarly, Plaintiff does not dispute that where state law allows a competitor of a national bank to act as a trustee, but prohibits a national bank from doing so, 12 U.S.C. § 92a preempts the state law: "State attempts to control the conduct of national banks are void if they conflict with federal law, frustrate the purposes of the National Bank Act, or impair the efficiency of national banks to discharge their duties." *City & County of S.F.*, 309 F.3d at 561 (*citing First Nat. Bank v. California*, 262 U.S. 366, 369 (1923)).

By mistakenly assuming that all national banks are "depository," Plaintiff argues that Utah Code Ann. § 57-1-21 does not discriminate between state banks and national banks. Plaintiff contends that under Section 57-1-21(1)(a)(ii), "depository institutions"—

3

as defined by Section 7-1-103—can act as trustees. Plaintiff also asserts that Section 7-1-103(8) defines "depository institutions" to include both state and national banks. Plaintiff concludes, therefore, that both state and national banking association can serve as trustees under Section 57-1-21.

Plaintiff's argument fails, however, for the fundamental reason that even pursuant to her own interpretation of the statute, ReconTrust **cannot** act as trustee under the Utah statute. That is because 7-1-103(8) defines "depository institutions" to include only banks that: (a) hold or receive a deposits, savings, or share accounts; (b) issue certificates of deposit; or (c) provide to its customers other depository accounts that are subject to withdrawal by checks, drafts, or other instruments or by electronic means to effect third party payments. *See* Utah Code Ann. § 7-1-103(8); *see also* Utah Code Ann. § 7-1-103(1)(a) (defining "bank" to include only institutions "authorized . . . to accept deposits from the public.").

Plaintiff has not alleged that ReconTrust held or received deposits so as to qualify as a depository institution. Nor can she make any such allegation because ReconTrust is a non-depository, national banking association. *See* Declaration of Richard F. Ensor Requesting Judicial Notice ("RJN"); *see also* Fed. R. Evid. 201(b) and (d); *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73, (10th Cir. 2008) (judicial notice of adjudicative facts appropriate in connection with motion under Fed. R. Civ. P. 12(b)(6); *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503-04 (10th Cir. 1997) (*citing* Fed. R. Evid. 201 as "authoriz[ing] a federal court to take judicial notice of adjudicative facts at any stage of the proceedings, and in the absence of a request of a party," and explaining that the district court properly took judicial notice of an ordinance on a motion to dismiss).

ReconTrust thus is not authorized to hold any deposit, savings, or share accounts, to issue certificates of deposits, or to provide any depository accounts. *Id.* Therefore,

ReconTrust and other non-depository, national banking associations are not "depository institutions" within the meaning of Section 57-1-21(1)(a)(ii), and are not authorized to act as trustees under the Utah statute. In fact, under Plaintiff's argument, the Utah statute thus clearly favors depository institutions and conflicts with the federal legal authority to act as a trustee permitted by the National Bank Act. For this reason, consistent with its prior analysis, this Court should grant Defendants' motion to dismiss this action.[1]

### III.
### **PLAINTIFF HAS NOT AND CANNOT ESTABLISH THAT UTAH STATE LAWS APPLY TO RECONTRUST**

Plaintiff's claims fail for the additional reason that Utah law does not apply to ReconTrust. Under the National Bank Act, only the laws of the state in which the bank acts in a fiduciary capacity are applicable to that bank.

Specifically, Section 92a addresses the applicability of state laws to a national bank's trust powers, and states:

> (a) Authority of Comptroller of the Currency. The Comptroller of the Currency shall be authorized and empowered to grant by special permit to national banks applying therefor, when not in contravention of State or local law, the right to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act ***under the laws of the State in which the national bank is located.*** (emphasis added).

12 U.S.C. § 92a(a). The OCC has clarified that a national bank, including one with multi-state fiduciary operations, is "located" only in "the state in which the bank acts in a

---

[1] In her opposition, Plaintiff includes an unsupported request for remand of her lawsuit. Since that request is made without a motion, supporting argument or briefing, it should be summarily rejected. Defendants also would note, moreover, that this Court, on several grounds, still retains jurisdiction over this controversy irrespective of its ruling on Defendants' motion. Defendants would be prepared to brief those reasons if this Court believes it is necessary to do so.

fiduciary capacity for that relationship." *See* 12 C.F.R § 9.7(d) and 9.7(e)(1) ("The state laws that apply to a national bank's fiduciary activities by virtue of 12 U.S.C. 92a are the laws of the state in which the bank acts in a fiduciary capacity."). Importantly, the OCC's regulation also expressly makes *inapplicable* all other states' laws that impede on a national bank's fiduciary powers:

> (2) Other state laws. Except for the state laws made applicable to national banks by virtue of 12 U.S.C. 92a, s**tate laws limiting or establishing preconditions on the exercise of fiduciary powers are not applicable to national banks.**" (emphasis added.)

*Id.* at 9.7(e); *see also* 1999 WL 983923 (OCC Interp. Letter 866, dated October 8, 1999 (OCC "conclude[d] that for purposes of section 92a a national bank is 'located' in a state where it acts in a fiduciary capacity.") (OCC Interp. Letter 866).

The relevant inquiry to ascertain where a bank acts in a fiduciary capacity—and thus which state laws apply—focuses only on the "core fiduciary functions." OCC Interp. Letter 866. "[T]he determination of where the bank acts in a fiduciary capacity should <u>not</u> look to every location where customers reside or where trust assets are located, or be based on places at which the bank engages in other non-fiduciary activities primarily for the purpose of establishing or maintaining customer relationships." *Id.* (emphasis in original)

The OCC explained that this approach is central to national banks' ability to provide services across states, as intended by Congress:

> Importantly, our approach does not mean that national banks may engage in fiduciary activities free from state-imposed restrictions. Rather, this approach simply identifies which state's laws will apply. Absent this certainty, national banks would be unable to know whether their contacts with a state were sufficient to alter the outcome of which state's law applied. This would impose an enormous burden on the ability of national banks to exercise fiduciary powers, contrary to the purposes for which the national banking system was created and in the absence of any indication in section 92a that such a result is intended.

6

*Id.*

  Plaintiff has not alleged that ReconTrust performs any core fiduciary activities in Utah.  Her complaint accordingly is subject to dismissal for failure to provide a basis on which Utah law even could be applied to ReconTrust.  Nor could she make such allegations in any event.  ReconTrust does not have an office in Utah and it performs core fiduciary activities at its facilities in Arizona, California, and Texas.  *See* RJN.  The fact that the properties foreclosed upon, *i.e.* the trust assets, are in Utah is neither dispositive nor even significant, as the OCC made clear.  Therefore, because ReconTrust is not "located" in Utah within the meaning of Section 92a(a), Plaintiff has not and cannot establish that Utah state law applies to ReconTrust.  Dismissal is warranted on this ground also.

## IV.
## CONCLUSION

  Plaintiff has not and cannot allege any claim under Utah statutory law that conceivably can avoid preemption under the National Bank Act.  Plaintiff's claims against all Defendants should be dismissed with prejudice and judgment entered for Defendants.

DATED:  July 26, 2010      VANTUS LAW GROUP, P.C.

                  /s/ Richard F. Ensor
                  Attorneys for Defendants ReconTrust Company, N.A., BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans Servicing, LP"), Bank of America, N.A. (erroneously sued as Bank of America, FSB), and Mortgage Electronic Registration Systems, Inc.

**CERTIFICATE OF SERVICE**

 THE UNDERSIGNED CERTIFIES that on this 26th day of July 2010, a true and correct copy of the foregoing was filed with the Clerk of Court via ECF and was therefore served by electronic mail to the following:

John Christian Barlow, Esquire
ENVISION LAW FIRM
40 North 300 East, Suite 101
St. George, Utah 84770

E. Craig Smay, Esquire
174 East South Temple
Salt Lake City, Utah 84111

Michael Huber, Esquire
8170 S. Highland Drive, Suite E5
Sandy, Utah 84093

               /s/ Richard F. Ensor