Richard F. Ensor (10877)
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, Utah  84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

Roy W. Arnold (Admitted *pro hac vice*)
REED SMITH LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA  15222
Telephone:  (412) 288-3916
Facsimile:  (412) 288-3063

Amir Shlesinger (Admitted *pro hac vice*)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  (213) 457-8000
Facsimile:  (213) 457-8080

Attorneys for Defendants ReconTrust Company, N.A., BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans Servicing, LP"), Bank of America, N.A. (erroneously sued as "Bank of America, FSB"), and Mortgage Electronic Registration Systems, Inc.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH - CENTRAL DIVISION**

| | |
|---|---|
| PENI COX, an individual,<br><br>　　　　　Plaintiff,<br>v.<br><br>RECONTRUST COMPANY, N.A., BANK OF AMERICA HOME LOANS SERVICING, LP; BANK OF AMERICA, FSB, NEW LINE MORTGAGE, DIVISION OF REPUBLIC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; AND DOES 1-5,<br><br>　　　　　Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL**<br><br>Case No. 10-cv-00492<br><br>Honorable Clark Waddoups<br><br>Magistrate Judge Alba |

I. INTRODUCTION

In her most recent motion under Federal Rule of Civil Procedure 62(c), Plaintiff makes her *third* attempt to obtain injunctive relief barring Defendants from foreclosing on her home or anywhere in Utah. No new facts are alleged. There is no offer to post a bond. And, there is still no explanation for the injunction's over breadth. Accordingly, this request is just as bereft of factual support or legal merit as her prior state court injunction or her *ex parte* demand for a temporary restraining order in this Court, and it should be denied summarily for those reasons.

That the motion is premised on Rule 62(c) does not change this conclusion. On the contrary, it only adds to the list of deficiencies. In limited circumstances not present here, Rule 62(c) permits a court to *preserve* the *status quo* of an action pending appeal. Plaintiff's motion, however, seeks to *alter* the *status quo* and seeks to adjudicate anew the merits of a claim which already has been addressed and rejected by this Court. In short, there is no basis in Rule 62(c) for the relief sought and the motion should be denied for this reason also.

II. PROCEDURAL HISTORY

On April 29, 2010, Plaintiff filed a Complaint in Utah's Fifth Judicial District against multiple Defendants, including ReconTrust Company, N.A. ("ReconTrust"), BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans Servicing, LP"), Bank of America, N.A. (erroneously sued as "Bank of America, FSB"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"). Without providing adequate notice, giving security or otherwise complying with the basic procedural requirements for obtaining injunctive relief, Plaintiff obtained an injunction in state court that prevented Defendants from conducting any foreclosure sales in the entire State of Utah. On May 26, 2010, Defendants removed this action to this Court, and filed a motion to dissolve the preliminary injunction entered by the state court. [*See* Doc. Nos. 1 and 17-22.] After briefing and argument, this Court entered an order dissolving the state court injunction based on principles of procedural

due process and federal preemption, and subsequently issued a memorandum opinion expounding on its reasoning.  [*See* Doc. No. 45.]  On June 25, 2010, Plaintiff filed a Notice of Interlocutory Appeal to the Tenth Circuit.  [Doc. No. 47.].

After this Court's comprehensive order, Plaintiff filed an *ex parte* Motion for Temporary Restraining Order ("TRO Motion") on July 2, 2010.  [Doc. No. 54.]  In her *ex parte* TRO Motion, Plaintiff again sought to enjoin all Defendants from foreclosing on her property or conducting any foreclosure sales in Utah.  [*Id.*]  Five days later, this Court dismissed Plaintiff's TRO Motion.  [Doc. No. 57.]

Plaintiff now seeks the same overbroad injunction, this time under Federal Rules of Civil Procedure 62(c).  No new facts are offered and she makes no effort to limit or tailor the requested relief to ReconTrust—the only party against whom Plaintiff has even attempted to state any claims.  Nor has Plaintiff offered to post adequate security or otherwise attempted to comply with the procedural requirements for seeking an injunction.  [Doc Nos. 71-72.]  More fundamentally, her request does not and cannot meet Rule 62(c)'s most basic requirements.

### III.  ARGUMENT

**A.  Plaintiff's Motion Is Procedurally Defective.**

**1.  Rule 62(c) Does Not Support The Relief Plaintiff Request In The Motion.**

Plaintiff's reliance on Rule 62(c) as a procedural vehicle to request that this Court reverse itself, and enter an injunction miscomprehends Rule 62(c)'s intended purpose.  Rule 62(c) cannot be invoked to change the *status quo* of an action pending an appeal.  Indeed, Rule 62(c) is an exception to the general rule that jurisdiction passes to the appellate court once a timely notice of appeal is filed.  *See Patterson v. Newspaper And Mail Deliverers' Union Of New York And Vicinity*, 802 F. Supp. 1053, 1056 (S.D.N.Y. 1992).  It codifies "the limited right of the trial court

to grant only such relief as may be necessary to preserve the *status quo* pending an appeal where consent of the Circuit Court has not been obtained.  *Id.* (*citing Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Eastern Air Lines, Inc.,* 847 F.2d 1014, 1018 (2d Cir. 1988) and *New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 758-59 (2d Cir. 1977)).  "The Rule 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court.'"  *Id.* (*quoting McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982)).  Therefore, Plaintiff's attempt to cloak this improper motion with Rule 62 cloth is to no avail.

Moreover, her motion does not even make a serious attempt to meet Rule 62(c)'s exacting standards.  Relief can be granted under Rule 62(c) only when a court might grant preliminary injunction.  *See In re Lang*, 414 F.3d 1191, 1202 (10th Cir. 2005) (*citing Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  Therefore, Plaintiff must establish:  (1) a strong showing that she is likely to succeed on the merits of the appeal; (2) that unless the state court injunction is restored, she will suffer irreparable injury; (3) that restoration of the state court injunction will not substantially injure Defendants; and (4) that the public interest favors restoration of the state court injunction.  *Id*.  Yet, Plaintiff makes no serious effort to address any of these factors or offer any new facts or evidence that would demonstrate, consistent with these controlling factors, a clear right to the injunctive relief she seeks.

        **2.    Plaintiff Improperly Asks This Court To Reconsider Prior Orders Denying Injunctive Relief.**

Plaintiff's request for injunctive relief also is premised on the same legal theories already twice rejected by this Court.  In that respect, it is more properly labeled as a motion for

reconsideration. Federal Rule of Civil Procedure 60(b) governs motions for reconsideration and states that reconsideration is appropriate only where one of the following circumstances exist: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A court should grant relief under Rule 60(b) only in extraordinary circumstances. *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1243 (10th Cir. 2009) ("Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances").

Here, Plaintiff has not and cannot meet any of the recognized grounds for reconsideration under Rule 60(b) and her effort to have this Court reconsider and vacate its order dissolving the state court injunction is meritless. In fact, Plaintiff makes not effort to explain what has changed since the Court's prior order to warrant her motion. Nor can she because nothing has changed. Plaintiff's counsel previously informed this Court that Plaintiff vacated the property and it was in Defendants' position. There is no evidence that Plaintiff is now living in the property, or that there is even any foreclosure sale pending. Additionally, Plaintiff still does not explain what entitles her to seek claims on behalf of other Utah residents, and what justifies her request for such a broad injunction against Defendants other than ReconTrust. In short, there is no basis, or reason, for this Court to reconsider its prior ruling, and it should deny Plaintiff's motion.

### B. Plaintiff's Motion Also Fails On Its Merits Because As This Court Correctly Concluded, The National Bank Act Preempts Utah Code §§ 16-10a-1501.[1]

#### 1. Utah Code § 16-10a-1501 Is Preempted By 12 U.S.C. §§ 26, 27 And 42.

Plaintiff's contention that this Court somehow improperly relied on 12 U.S.C. §§ 26, 27 and 42 to find that the National Bank Act completely preempted Utah Code § 16-10a-1501 is misguided. As already established in prior briefs, and this Court's prior opinion, state licensing requirements clearly conflict with the NBA. This issue was well-settled in *Watters v. Wachovia,* 550 U.S. 1 (2007). There, the Supreme Court clearly held that national banks are not subject "to the ***licensing***, reporting and visitorial regimes of the several States . . ." *Watters*, 550 U.S. at 7 (emphasis added). In fact, a state licensing regime which penalizes a national bank for failure to register by imposing an outright prohibition on the bank's ability to conduct business in the state is the classic state regulation against which the National Bank Act serves as a shield. *Id.* at 11. There can be no doubt that any state regulation which serves to bar a national banking association from conducting business in the state, directly conflicts with, and is preempted by the National Bank Act. *See id.*

In addition, Congress granted the Comptroller the power to "determine whether the [national banking] association is lawfully entitled to commence the business of banking." 12 U.S.C. § 26. Thus, if the Comptroller determines that a national banking association can commence the business of banking, "the Comptroller shall give to such association a certificate, under his hand and official seal, that such association has complied with all the provisions required to be complied with before

---

[1] Plaintiff's preliminary discussion of jurisdictional issues, remand, and *Jensen v. ReconTrust Co.*, 2:09-cv-927 TC, Order of 12/16/2009 (D. Utah) (Doc. 13) is somewhat perplexing. Plaintiff seems to suggest that this Court lacks subject matter jurisdiction, yet in the next breadth Plaintiff seeks affirmative relief from this court. In any event, Plaintiff's request for remand already has been rejected by this Court, and again, nothing has changed. *Jensen*, for its part, is inapposite. First, the case is factually distinguishable because there plaintiffs argued for remand based on: (1) defendants disregarded the court's prior order seeking briefing on subject matter jurisdiction; and (2) the holding in *Cole v. Pinter, et al.*, No. 08-6108, 2009 WL 1441470 (W.D. Ark. May 21, 2009) which addresses the Home Owners Loan Act ("HOLA") (12 USC §§ 1461-1470). The *Jensen* Court, however, did not address nor analyze preemption issues under the NBA. Plaintiff's reference to *Watters v. Wachovia,* 550 U.S. 1 (2007) is likewise puzzling given that there the Court, as Plaintiff note, held that state law of general applicability apply "to the extent such law do no conflict with the letter of the general purpose of the NBA." As this Court already held, the Utah statutes underlying Plaintiff's claims conflict with the NBA.

commencing the business of banking, and that such association is authorized to commence such business." 12 U.S.C. § 27(a). Further, the Comptroller's ultimate control over the certification of national banks "shall apply in the several states." 12 U.S.C. § 42. Given these provisions, Congress clearly intended "to completely preempt the area of requirements a national bank must meet before conducting business nationwide." (Memo. Dec. [Doc. 45] at 13.).

Utah Code § 1501 and 1502 purport to regulate a national bank's ability to transact business in Utah. Specifically, section 1501 mandates that a "foreign corporation may not transact business in this state until its application for authority to transact business is filed by the division." Utah Code § 16-10a-1501. Where a foreign corporation's application is not approved and filed by the appropriate division, that corporation may not maintain a proceeding in any Utah state court. Utah Code § 16-10a-1502(1). If a foreign corporation is found to be in violation of these provisions, section 1502(5) permits a court to issue "an injunction restraining the further transaction of the business of the foreign corporation and the further exercise of any corporate rights and privileges in this state." Utah Code § 16-10a-1502(5). These statutes purport to "set out competing state requirements for a bank to transact business, assign a competing authority to judge if the requirements are met, and provide for competing remedies for a bank's failure to meet the state's requirements." (Memo. Dec. [Doc. 45] at 10.) However, sections "26, 27, and 42 of the National Bank Act leave no room for Utah Code Ann. §§ 16-10a-1501 and 1502" to regulate national banks. (Memo. Dec. [Doc. 45] at 10.) Accordingly, Utah Code §§ 16-10a-1501 and 1502 are preempted because the Comptroller is "intended to be the exclusive authority on what a national bank must do to transact business in any state" under 12 U.S.C. §§ 26-27, 42. (*Id*. at 11.).

    2.  **Utah Code § 57-1-21 Is Preempted By The National Bank Act.**

Plaintiff's argument that the National Bank Act does not preempt Utah Code § 57-1-21 remain without merit as well. As a preliminary matter, Plaintiff cites *Watters* and *National Bank v. Commonwealth*, 9 Wall. 353, 362 (1870), for the general proposition that a national bank's

7

acquisition and transfer of property are governed by state law. [Motion, p. 8.] Neither *Watters* nor *National Bank* discuss the non-judicial foreclosure sale which is at issue in this action.[2] Moreover, in her Motion, Plaintiff concedes that 57-1-21 is preempted by the NBA, stating as "Plaintiff's Position" that:

> "On its face, § 92(a)b has clear preclusive effect on any state law trustee regulations against national bank whenever the state allows a competitor to act as a trustee. And Utah Code Ann. § 57-1-21(1)(a)(ii) allows a 'depository institution,' which is unquestionably a competitor of a national bank, to act as a trustee. Accordingly, ***this state statute is completely preempted by federal statute, allowing for federal question removal jurisdiction***.

*Id*. at p. 8 (emphasis added). Because Plaintiff concedes that 57-1-21 is completely preempted, this concludes the analysis.

Notwithstanding this admission, Plaintiff then attempts to argue that 57-1-21(3) is not preempted because national and state banks are equally prohibited from conducting non-judicial foreclosure sales under 57-1-21(3). Accordingly to Plaintiff, then, "[w]hether a depository or non-depository institution, it makes no difference." [Motion, p. 9.] This argument misses the mark. The issue is not merely that ReconTrust, as a non-depository national banking association, cannot conduct non-judicial foreclosures; rather, under Section 57-1-21, ReconTrsut cannot act as a trustee to conduct any foreclosures, while state banks can.

Plaintiff's fall back argument that because ReconTrust is a non-depository institution it does not compete with state banks does not, as she would have it, ameliorate the conflict. As Plaintiff acknowledges, under the Utah statutes, state banks can act as trustee and can conduct judicial foreclosures. This is the very same activity that ReconTrust seeks to perform, but cannot

---

[2] As, as noted in *Watters*, the National Bank Act explicitly permits "[a]ny national banking association [to] make, arrange, purchase or sell loans or extensions of credit secured by liens on interests in real estate . . ." 12 U.S.C. § 371. The right to institute non-judicial foreclosure proceedings is a power incidental to the right to make loans secured by liens interest in real estate. *See* 12 C.F.R. § 34, Part D, Appx. A. This right is implied in Part 34, Subpart D, Appendix A of the Code of Federal Regulations, which requires all national banks that make loans secured by liens on real estate to "establish administration procedures for its real estate portfolio that address," among other things, "Collections and foreclosure, including: Delinquency follow-up procedures; Foreclosure timing; Extension and other forms of forbearance; and Acceptance of deeds in lieu of foreclosure." *Id*.

under Utah law. That ReconTrust does not take deposits and state banks do, does not mean that there is no competition for other services banks provide.

In any event, Section 92a clearly addresses the applicability of state laws to a national bank's trust powers, and states:

> (a) Authority of Comptroller of the Currency. The Comptroller of the Currency shall be authorized and empowered to grant by special permit to national banks applying therefor, when not in contravention of State or local law, the right to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act *under the laws of the State in which the national bank is located*. (emphasis added).

*Id*. The OCC has clarified that a national bank, including one with multi-state fiduciary operations, is "located" only in "the state in which the bank acts in a fiduciary capacity for that relationship." *See* 12 C.F.R § 9.7(d) and 9.7(e)(1) ("The state laws that apply to a national bank's fiduciary activities by virtue of 12 U.S.C. 92a are the laws of the state in which the bank acts in a fiduciary capacity."). Importantly, the OCC's regulation also expressly makes *inapplicable* all other states' laws that impede on a national bank's fiduciary powers:

> (2) Other state laws. Except for the state laws made applicable to national banks by virtue of 12 U.S.C. 92a, **state laws limiting or establishing preconditions on the exercise of fiduciary powers are not applicable to national banks**. (emphasis added.)

*Id.* at 9.7(e); *see also* 1999 WL 983923 (OCC Interp. Letter 866, dated October 8, 1999 (OCC "conclude[d] that for purposes of section 92a a national bank is 'located' in a state where it acts in a fiduciary capacity.") (OCC Interp. Letter 866).

The relevant inquiry to ascertain where a bank acts in a fiduciary capacity—and thus which state laws apply—focuses only on the "core fiduciary functions." OCC Interp. Letter 866. "[T]he determination of where the bank acts in a fiduciary capacity should <u>not</u> look to every location where customers reside or where trust assets are located, or be based on places at which

9

the bank engages in other non-fiduciary activities primarily for the purpose of establishing or maintaining customer relationships." *Id.* (emphasis in original)

The OCC explained that this approach is central to national banks' ability to provide services across states, as intended by Congress:

> "Importantly, our approach does not mean that national banks may engage in fiduciary activities free from state-imposed restrictions. Rather, this approach simply identifies which state's laws will apply. Absent this certainty, national banks would be unable to know whether their contacts with a state were sufficient to alter the outcome of which state's law applied. This would impose an enormous burden on the ability of national banks to exercise fiduciary powers, contrary to the purposes for which the national banking system was created and in the absence of any indication in section 92a that such a result is intended."

*Id.*

Plaintiff has not alleged that ReconTrust performs any core fiduciary activities in Utah. Her complaint accordingly is subject to dismissal for failure to provide a basis on which Utah law even could be applied to ReconTrust. Nor could she make such allegations. ReconTrust does not have an office in Utah and it performs the core fiduciary activities at its facilities in Arizona, California, and Texas. As the OCC made clear, the fact that the properties foreclosed on, *i.e.* the trust assets, are in Utah is neither dispositive nor even significant. Because ReconTrust is not "located" in Utah within the meaning of Section 92a(a), Plaintiff has not and cannot establish that Utah state law applies to ReconTrust.

In sum, Plaintiff's request for injunctive relief is procedurally improper, factually unsupported and, in light of the NBA's preemptive effect, legally without merit as well.

## IV.   CONCLUSION

Plaintiff's request for injunctive relief presents no new facts, issues, or law. It also fails to meet Rule 62(c)'s most basic requirements. For each of these reasons, it should be denied.

DATED:  August 16, 2010        V<span style="font-variant:small-caps">antus</span> L<span style="font-variant:small-caps">aw</span> G<span style="font-variant:small-caps">roup</span>, P.C.


                                By     /s/ Richard F. Ensor
                                   Attorneys for Defendants ReconTrust Company,
                                   N.A., BAC Home Loans Servicing, LP
                                   (erroneously sued as "Bank of America Home
                                   Loans Servicing, LP"), Bank of America, N.A.
                                   (erroneously sued as "Bank of America, FSB"),
                                   and Mortgage Electronic Registration Systems,
                                   Inc.

## CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES that on this 16th day of August 2010, a true and correct copy of the foregoing was filed with the Clerk of Court via ECF and was therefore served by electronic mail to the following:

John Christian Barlow
ENVISION LAW FIRM
40 North 300 East, Suite 101
St. George, Utah 84770

Michael Huber
8170 S. Highland Drive, Suite E5
Sandy, Utah 84093

E. Craig Smay
174 E. South Temple
Salt Lake City, UT 84111

/s/ Richard F. Ensor