IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PENI COX, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A., *et al.*,<br><br>            Defendants. | **ORDER and MEMORANDUM DECISION**<br><br><br>Case No. 2:10-CV-492 CW |

      Now before the court is Plaintiff Peni Cox's motion to disqualify Judge Waddoups (Dkt. No. 83). 28 U.S.C. § 455(a) states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[D]isqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir.2006) (quotations omitted).

      Ms. Cox first points out that Judge Waddoups's former firm, Parr, Brown, Gee and Loveless has represented in the past and continues to represent Bank of America and its affiliates. She contends that this representation calls Judge Waddoups's partiality into question. Judge Waddoups, however, did not represent Bank of America or its affiliates when he practiced at his former firm. Moreover, Ms. Cox points to nothing about Parr's current representation of Bank of America which would affect Judge Waddoups's impartiality in this case. Instead, Ms. Cox maintains, without factual support, that the length of time the motion has been pending suggests

that the court is avoiding an unfavorable ruling against ReconTrust. But the time in which the court has had Ms. Cox's motion under submission is wholly unrelated to any potential outcome of the motion. Instead, the time the court has had the motion under consideration thus far is a function only of the court's busy docket and calendar.

Ms. Cox also points out that Judge Waddoups recently recused himself in another case, Case No. 2:10-cv-1099. The reason for that recusal, however, was not that Bank of America and ReconTrust are parties in the case, but because the firm of Fabian & Clendenin represents ReconTrust in that case. Judge Waddoups's son is a partner in corporate practice at Fabian and is not the attorney representing ReconTrust in that case. Judge Waddoups's recusal in that case was unrelated to the parties, but only to Fabian. For all these reasons, the court does not believe that Judge Waddoups's partiality may reasonably be called into question in this case.

The court is aware that there is a motion pending. The court is working to have a ruling on that motion as soon as possible, subject to the demands of its heavy schedule and docket, the weight of which is compounded by the two judicial vacancies in this district. It is worth noting that a recusal now would result in a transfer to another judge with a full docket and would likely result in considerable additional delay in resolving the pending motion. The court is familiar with the relevant facts and law in this case, and is diligently working to issue an order promptly.

For the reasons discussed above, Ms. Cox's motion to disqualify is DENIED.

SO ORDERED this 12th day of January, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge