IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PENI COX, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A., *et al*.,<br><br>    Defendants. | ORDER and<br>MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:10-CV-492 CW |

Now before the court are Plaintiff Peni Cox's motion for partial summary judgment on claims one and two (Dkt. No. 26), her motion to amend her complaint (Dkt. No. 49), and her motion for a preliminary injunction pending appeal (Dkt. No. 71). Also before the court is certain Defendants' motion to dismiss (Dkt. No. 52). For the reasons discussed below, Ms Cox's motion for summary judgment and her motion for a preliminary injunction are DENIED with prejudice as to her claim that ReconTrust Company, N.A. is required to register with the relevant Utah agency before conducting business in Utah. On the other hand, those motions are DENIED without prejudice as to her claim that ReconTrust does not have authority as a trustee to conduct non-judicial foreclosure sales. Ms. Cox's motion to amend is DENIED with prejudice as to the registration claim, but without prejudice to her trustee power claim. The court will also discuss other aspects of that motion below. Defendants' motion to dismiss is GRANTED with prejudice as to the registration claim, but without prejudice as to the trustee power claim.

# ANALYSIS

The court will first discuss Ms. Cox's claim under Utah Code § 16-10a-1501, and rule on the parts of the parties' motions dealing with that claim. The court will then analyze Ms. Cox's Utah Code § 57-1-21 claim and rule on the parts of the parties' motions relating to that claim. Finally, the court will rule on Ms. Cox's motion to amend.

The facts relevant to the motions before the court are set forth in the fact section of the court's memorandum decision of June 18, 2010, Docket Number 45.

## I.     Ms. Cox's State Registration Statute Claim

In their motion to dismiss, Defendants first seek to dismiss Ms. Cox's claim under § 16-10a-1501. Ms. Cox also seeks summary judgment and injunctive relief on this claim. In this claim, Ms. Cox asserts that § 16-10a-1501 prohibits ReconTrust from transacting business in Utah without first registering with the relevant Utah agency. Defendants argue that this claim is preempted by the National Banking Act ("NBA"), and that ReconTrust does not need to register with any Utah state agency to do business in Utah.

Defendants prevail on their motion to dismiss this claim. First, the court has already ruled that Ms. Cox's § 16-10a-1501 claim meets the standard for complete preemption. The court explained that the NBA demonstrates Congress's intent to federalize state claims relating to a national bank's ability to commence business in any state. *See* Memo. Dec. of 6/18/2010, Dkt. No. 45 at pp. 9-13. As a result, the court allowed removal based on federal question jurisdiction based on that claim. Moreover, the court found that under the NBA, once the Office of the Comptroller of the Currency ("OCC") has granted a certificate to a national bank, the national bank may do business nationwide without further permission by any particular state.

Accordingly, § 16-10a-1501 does not apply to ReconTrust, and Ms. Cox's claim based on that state statute has no merit and should be dismissed with prejudice.

Ms. Cox's arguments otherwise do not prevail. First, Ms. Cox contends that the court erred in interpreting 12 U.S.C. § § 26, 27, and 42 as constituting authorization by Congress for a national bank to commence business in any state, free from any additional state requirements to do so. Ms. Cox argues that those federal statutes are more properly construed as having the narrow effect of (1) conferring on national banks the designation of national bank and (2) subjecting national banks to federal oversight and, when applicable, allowing them to be governed exclusively by federal regulation. But Ms. Cox offers no compelling reason to accept her narrow reading of § § 26, 27, and 42. Both § 26 and § 27 clearly allow a national bank to commence the business of banking once a certificate has been issued. Neither of those statutes contain any language that would suggest that a national banking certificate is merely to confer a designation of national bank, rather than both conferring that designation and granting permission to start banking activities nationwide.

Moreover, other parts of the NBA confirm that receiving a national banking certificate is not the same as a designation. Under 12 U.S.C. § 24, "[u]pon duly making and filing articles of association and an organization certificate," a national bank, "as from the date of the execution of its organization certificate," as "a body corporate." As of the date of execution of the organization certificate, a national bank is granted various broad powers, most importantly the power to exercise of "all such incidental powers as shall be necessary to carry on the business of banking . . ." 12 U.S.C. § 24, para. 7. This immediate grant of powers upon obtaining a certificate rebuts the assertion that the certificate merely confers a designation.

Ms. Cox further interprets *Cuomo v. Clearing House Ass'n, L.L.C.*, 129 S.Ct. 2710, 2720-21 (2009) as holding that state laws affecting national banks are not preempted unless federal statutes preempt such laws expressly. Ms. Cox therefore concludes that even after the OCC issues a certificate allowing a national bank to commence the business of banking, the national bank must then comply with any additional state law hurdles to commencing business in each state. This reading of *Cuomo* overreaches. *Cuomo* indeed acknowledges longstanding precedents that certain general state laws may be enforced against national banks. *See* 129 S.Ct. at 2720-21. But there is nothing in *Cuomo* that supports the proposition that to completely preempt a state law, the NBA must do so expressly. To the contrary, complete preemption may be implied. As explained by the Supreme Court, national banks "are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter *or the general purposes* of the NBA." *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 11 (2007) (emphasis added, citations omitted). Accordingly, the Supreme Court has "interpret[ed] grants of both enumerated *and incidental* 'powers' to national banks as grants of authority not normally limited by, but rather ordinarily pre-empting, contrary state law." *Id.* (emphasis added, quoting *Barnett Bank of Marion Cty., N.A. v. Nelson*, 517 U.S. 25, 32 (1996)).

For example, in *Beneficial National Bank v. Anderson*, 539 U.S. 1, 9-11 (2003), the Supreme Court held that the NBA's rate of interest provisions for national banks completely preempted state causes of action for usury against national banks. In doing so, the Supreme Court did not point to any words in the NBA's rate of interest provisions that expressly stated that state usury claims against national banks are completely preempted. Instead, the Court examined the language of the relevant NBA section, determined the Congressional intent, and reviewed its previous rulings on similar issues. *See id.*

4

In any event, the Utah statute requiring registration by foreign corporations directly conflicts with the NBA. For example, under § 24, once a national bank has been granted its organizational certificate, it is granted the power "[t]o sue and be sued, complain and defend, *in any court of law and equity*, as fully natural persons." 12 U.S.C. § 24, para. 4 (emphasis added). But under Utah Code § 16-10a-1502(1)-(3), one of the penalties a foreign corporation or its successor faces for failure to register is not being allowed to maintain a suit in Utah state court.

For these reasons, and for the reasons explained in the memorandum decision of June 18, 2010, the court reaffirms its ruling that Ms. Cox's § 16-10a-1501 claim gives rise to complete preemption.[1] Accordingly, Ms. Cox's claim under that state statute is DISMISSED. To the extent that Ms. Cox's motion for summary judgment in her favor is predicated on that claim, it is DENIED. Further, to the extent that Ms. Cox's motion for an injunction is based on that claim, it is DENIED.

## II. Ms. Cox's Claim Regarding ReconTrust's Trustee Powers

The second part of Defendants' motion to dismiss goes to Ms. Cox's claim that ReconTrust has no authority to conduct a non-judicial trustee's sale of her foreclosed property under § 57-1-21. Ms. Cox also seeks summary judgment and an injunction on this claim. The court previously held that this state statutory claim is completely preempted by the NBA. For the reasons discussed below, the court is still convinced that this holding is correct. Unlike Ms. Cox's § 16-10a-1501 claim, however, it appears that Ms. Cox has the at least the potential to

---

[1] Ms. Cox also asks this court to consider the remand order of December 16, 2009 in *Jensen v. Recontrust Company, N.A.*, 2:09cv927 TC, in which the court remanded a case against ReconTrust bringing the same state statutory claims as those brought here. The order in *Jensen*, however, did not discuss the complete preemption issue, which lessens its persuasive value in this case.

state this claim under a federal statute. That is, it seems that Ms. Cox's § 57-1-21 claim could be cast as a claim under 12 U.S.C. § 92a(b). As explained below, however, the court is unsure of the merits of the claim, and will rule accordingly.

Ms. Cox claims in her complaint and briefing that under § 57-1-21, ReconTrust has no authority under Utah law to conduct a non-judicial trustee's sale of her foreclosed property. Specifically, § 57-1-21(3), entitled "Trustees of trust deeds - -Qualifications," allows only attorneys and title insurance companies to conduct non-judicial trustee's sales. Utah Code § 57-1-21(3). All other trustees who are qualified to act as trustees of a trust deed, including depository institutions, insurance companies, trust companies, and so on, may not conduct such sales. *See id.* The logic behind Ms. Cox's claim is that because ReconTrust is not an attorney or a title insurance company, ReconTrust should not be permitted to sell her foreclosed property in a non-judicial trustee's sale. The court previously held that 12 U.S.C. § 92a completely preempted Ms. Cox's claim under § 57-1-21.

To continue to accept the theory that Ms. Cox's claim under § 57-1-21 is completely preempted, the court must find that it was Congress' intent that a state law claim alleging that a national bank has acted beyond its trustee powers should be a federal claim. A thorough analysis of § 92a convinces the court that although Congress adopted state law limits on the powers that a national bank can exercise in a state, Congress nonetheless intended that the question of what trustee powers a bank may exercise should be governed by federal law. The relevant portions of § 92a state as follows:

> (a) Authority of Comptroller of the Currency
>
> The Comptroller of the Currency shall be authorized and empowered to grant by special permit to national banks applying therefor, when not in contravention of State or local law, the right to act as trustee, executor, administrator, registrar of stocks and bonds,

6

guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the State in which the national bank is located.

(b) Grant and exercise of powers deemed not in contravention of State or local law

Whenever the laws of such State authorize or permit the exercise of any or all of the foregoing powers by State banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of State or local law within the meaning of this section.

12 U.S.C. § 92a(a) & (b).

Reading these provisions closely, the court is satisfied that under § 92a(a), a state law claim challenging a national bank's ability to serve as a trustee is completely preempted. The OCC, a federal agency, decides whether a national bank may receive a permit to act as a trustee. In determining whether to grant the permit, the OCC looks to both state and federal statute. Given this scheme, it is clear that Congress intended that state claims challenging the validity of the OCC's grant of trustee status to a national bank could be removed to federal court.

It further appears that Congress intended that state law challenges to the authority of national banks to carry out specific trustee powers could be removed to federal court. Under § 92a(b), Congress grants national banks the authority to exercise trustee powers. The source of this grant itself is significant to the question of preemption. That is, Congress, not the states, grants national banks the authority to act as trustees and to exercise trustee powers.

Moreover, the form in which Congress granted those trustee powers confirm that the issue of whether a national bank can validly exercise a trustee powers is a federal one. The NBA confers on national banks the same state law trustee powers that a state grants to "State banks, trust companies, or other corporations which compete with national banks." 12 U.S.C. § 92a(b).

7

When a national bank purports to exercise a power as a trustee, the question of whether it may validly do so may thus logically be broken down into two parts. First, does state law provide for such a trustee power at all, and second, is that trustee power one that state law grants to state banks, trust companies, or "other corporations which compete with national banks." *Id.*

It is the second part of this test that confirms complete preemption. In the second part, a court must determine if a state trustee power is granted to one of three entities: state banks, trust companies, or "other corporations which compete with national banks." *Id.* If a state gives one of those three entities trustee power, Congress mandates that the national bank is also allowed that power in that state. While the question of whether a trustee power has been granted to the first two entities will usually be obvious on its face, making that determination with respect to "other corporations which compete with national banks" is not. And the latter question cannot be resolved by looking at state law. Instead, it must be answered by looking to the meaning of that term as it is used in § 92a(b), a federal statute.[2]

In light of this analysis, two things are clear. First, Congress intended that state law should define the limits of the trust powers that a national bank may exercise in a state. Second, even though state law sets the limits, federal statute will ultimately be the source of the answer to the question of whether a national bank is properly exercising a state law trustee power in a state. Because federal statute answers the controlling question, and because Congress granted the trustee powers in the first place, the court concludes that Congress intended that challenges to a national bank's activities as a trustee should be heard in federal court. This proposition is true

---

[2] From what the court can glean from the docket in the state court proceedings in the *Jensen* case after it was remanded, the Utah state court has also identified the question of what "other corporations" compete with national banks as one that is crucial to determining whether ReconTrust is allowed to conduct foreclosure sales in Utah.

8

even if the challenge is facially made under a state statute, as is the case here. Accordingly, though Ms. Cox has brought an action under § 57-1-21 challenging ReconTrust's power to conduct a non-judicial foreclosure sales, this claim sounds in federal law and is properly removed to federal court.

Unlike Ms. Cox's claim under the registration statute, however, the court hesitates to dismiss Ms. Cox's claim that ReconTrust has exceeded its trustee powers. As noted above, because Congress gave the OCC the power to decide whether a national bank may commence business, any additional state law impediments to commencing business do not apply. Since Ms. Cox's registration claim was based solely on the theory that ReconTrust had to register with Utah, it is appropriate to dismiss that claim at this stage. On the other hand, it is not clear that Congress necessarily intended to disallow any action based on the theory that a national bank has exceeded its trustee powers. But, as discussed below, the parties have not provided enough information about this potential claim for the court to confidently pass on its merits.

First, it is not clear that a private right of action is implied on this type of claim. Under 12 U.S.C. § 92a(k), the sole express remedy for a national bank exceeding its trust powers is the OCC revoking the trustee permit. Second, even if Ms. Cox can bring such a claim, the parties have not convinced the court that either side can or should prevail on the merits. For Ms. Cox's part, her argument assumes that ReconTrust does not compete with Utah attorneys or title insurance companies. But Ms. Cox has not alleged or proffered facts allowing the court to test this proposition on dismissal or summary judgment.

Defendants similarly miss the mark. Defendants argue that ReconTrust may act as a trustee under § 92a(a) because Utah statute allows depository institutions to act as trustees. Ms. Cox does not dispute this conclusion. But this proposition stops short of answering the pertinent

question, which is whether federal law allows ReconTrust to conduct a trustee's sale in Utah. If Utah depository institutions compete with ReconTrust and were allowed by Utah law to conduct trustee's sales, ReconTrust would also have that power. No one except attorneys and title insurance companies, however, are granted this power by § 57-1-21. It is thus immaterial whether Utah law allows depository institutions to act as trustees.

Moreover, the court is unconvinced by ReconTrust's argument that § 92a(b) dictates that the court look to some state law other than Utah state law to evaluate ReconTrust's foreclosure activities in Utah. The materials ReconTrust cites in support of this assertion do not apply here. The authorities on which Defendants rely contemplate a bank providing trust services to banking customers in a certain state, but acting in several states as part of providing those services. Here, in contrast, ReconTrust is conducting foreclosure activities on behalf of Bank of America in several states, including Utah. Defendants's authorities are therefore not persuasive.

Under a straight forward reading of § 92a(b), this court must look to Utah law in its analysis of whether ReconTrust's activities in Utah exceed ReconTrust's trustee powers. The powers granted to ReconTrust under federal law in this case are limited by the powers granted by Utah state law to ReconTrust's competitors. Accordingly, the extent of ReconTrust's federal powers must be determined by reference to the laws of Utah, not by reference to the laws of some other state. Under Utah law, the power to conduct a non-judicial foreclosure is limited to attorneys and title companies. The scope of the powers granted by federal law is limited to the same power Utah statute confers on ReconTrust's Utah competitors. The federal issue, therefore, is whether Recontrust is a competitor of Utah attorneys or title insurance companies.

As neither Defendants nor Ms. Cox make a strong case on the merits of the trustee power claim, the court will rule as follows. First, Ms. Cox's motions for summary judgment and

preliminary injunction on this claim are DENIED, but without prejudice. Defendants' motion to dismiss this claim is GRANTED, but, assuming that she has a private right of action, Ms. Cox is granted leave to amend to attempt to properly state this claim.

## III. Ms. Cox's Motion to Amend

Ms. Cox has also moved to amend her complaint. She seeks to amend in several ways, including removing a Defendant, striking her state law tort claims, and adding fictitious plaintiffs and class allegations. Ms. Cox purported to file the amended complaint on June 26, 2010, but the court will deem that filing as her proposed amended complaint. Based on the proposed amended complaint and for the reasons set out above, the court denies Ms. Cox's motion to amend without prejudice.

The court grants leave for Ms. Cox to remove the relevant Defendant and to remove Ms. Cox's state law tort claims without further discussion. As for the remainder of the proposed complaint, the court has identified several problems. First, Ms. Cox's attempt to add unnamed Plaintiffs and class allegations is clearly an attempt to plead a class action. At this stage, the court has no opinion on the propriety of this action being certified as a class action. But as pointed out by Defendants, Ms. Cox's proposed complaint makes no attempt to plead the requirements of Fed.R.Civ.P. 23. Moreover, the court has ruled herein that Ms. Cox's state law registration claim cannot be validly brought in this action, so it would be futile for her to plead it here.

For these reasons, the court DENIES Ms. Cox's motion to file the proposed amended complaint, but without prejudice. She will have 30 days from the date of this Order to move to amend again. For the court to consider granting that motion, Ms. Cox's proposed amended complaint attached to that motion must account for the court's rulings in this Order.

## CONCLUSION AND ORDER

For the reasons stated above, the court rules as follows:

Ms. Cox's motion for summary judgment (Dkt. No. 26) is DENIED with prejudice with respect to her claim under § 16-10a-1501, but without prejudice to her claim that ReconTrust has exceeded the scope of the trustee powers granted to ReconTrust;

Ms. Cox's motion to amend (Dkt. No. 49) is DENIED without prejudice, and with leave to move to amend again within 30 days of this Order;

Defendants' motion to dismiss (Dkt. No. 52) is GRANTED with prejudice with respect to Ms. Cox's claim under § 16-10a-1501, but without prejudice as to the trustee power claim[3]; and

Ms. Cox's motion for an injunction (Dkt. No. 71) is DENIED with prejudice with respect to Ms. Cox's claim under § 16-10a-1501, but without prejudice as to the trustee power claim

DATED this 3rd day of March, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[3] Ms. Cox's motion for a hearing on the motion to dismiss (Dkt. No. 62) is DENIED as moot, since a hearing was held on all issues relevant to the motion on August 31, 2010.